lowed. As to whether the judgment was against the weight of evidence, we fail to see in the record sufficient reasons for ordering a new trial upon the facts. It was on Saturday night, May 2d, while the company was playing in Philadelphia, that the defendants notified them that the season was to close then and there. Plaintiffs had then been playing eight weeks, and one week remained of the contract. Mrs. Ince testified that she had not received any previous notice of the close of the season, but inasmuch as she admitted that, the week before, she had written to try and secure other employment, it is argued that she must then have had such notice. The inference would be plausible if it were not for the fact that the contract of nine weeks had then but a week and some days to run, and that her writing at that time is consistent with an effort to get employment after the nine weeks, and was without reference to an earlier termination of the contract.

Judgment affirmed, with costs. All concur.

---

(9 App. Div. 254.)

GARVEY v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. October 27, 1896.)

1. PRIVATE NUISANCE—EVIDENCE.
    A finding that defendant railway company operated its turntable so as to constitute it a nuisance as to plaintiff, is warranted by evidence that it was operated so as to unnecessarily cause a vibration, which was communicated to plaintiff's premises, causing great annoyance and damage, which condition was greatly augmented by casting thereon smoke, etc., accompanied by harassing noises.

2. NUISANCE—RAILROAD COMPANIES—POWERS.
    Implied authority to a railway company to operate a turntable does not authorize its operation in such a manner as to constitute a private nuisance.

3. INJUNCTION—JUDGMENT—INCONSISTENCY.
    A judgment enjoining as a private nuisance the operation of a railway turntable will not be disturbed as inconsistent because damages were refused.

Appeal from special term.

Action by Bernard F. Garvey against the Long Island Railroad Company. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BROWN, P. J., and BARTLETT, HATCH, and BRADLEY, JJ.

Alfred A. Gardner, for appellant.
Josiah T. Marean, for respondent.

PER CURIAM. The court below has found that defendant so conducts its business and manages its turntable situate upon its premises as to constitute the same a nuisance as to plaintiff and his premises. The evidence given upon the trial tended to establish that defendant so conducted its business as to unnecessarily cause a vibration of its turntable, which was communicated to plaintiff's premises, and caused great annoyance and damage; that this condi-

tion was greatly aggravated by casting thereon smoke, cinders, and ashes, accompanied by irritating and harassing noises. The evidence warranted the court in making the finding which it did, and supports the judgment which was entered thereon. Defendant seeks its reversal by claiming that it has authority for what it did in the statute authorizing its creation and operation, and hence no liability attaches thereto for its acts. It is not contended that there is any express power conferred in the statute authorizing it to maintain and operate the particular turntable and yard as it is now operated. But the claim is that it is within the clearly-expressed intention of the legislature, derived from the statute. The following authorities are abundant in answer to this claim: Cogswell v. Railroad Co., 103 N. Y. 10, 8 N. E. 537; Morton v. City of New York, 140 N. Y. 207, 35 N. E. 490; Booth v. Railroad Co., 140 N. Y. 267, 35 N. E. 592; Hill v. City of New York, 139 N. Y. 495, 34 N. E. 1090; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719.

There is no force in the suggestion that the judgment is inconsistent in not awarding damages. The equitable powers of the court may be properly invoked to restrain the commission of a wrong of which it can take cognizance, and it may render any judgment essential to accomplish that end which is warranted by the evidence. We find no error.

The judgment should therefore be affirmed, with costs.