## LONG ISLAND R. CO. v. GARVEY et al.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

EMINENT DOMAIN—CONDEMNATION OF EASEMENTS—ESTOPPEL.

A railroad company cannot deny that its interference with easements is a taking of property, after it has conducted to their conclusion proceedings to condemn such easements, according to a judgment which makes such condemnation necessary to its operation.

Appeal from special term, Kings county.

Condemnation proceedings by the Long Island Railroad Company against Bernard F. Garvey and Margaret Garvey, his wife, and others. From a final order confirming an award by commissioners of $1,500 to the defendants, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William J. Kelly and Alfred A. Gardner, for appellant.
Josiah T. Marean, for respondents.

PER CURIAM. The plaintiff instituted the proceeding to condemn certain easements appurtenant to the defendants' premises; and, in the petition, the plaintiff alleged that, in an action brought by the defendants against it to enjoin the plaintiff from operating its depot and terminal yard in such manner as to constitute a nuisance, judgment was entered enjoining the plaintiff from operating its turntable upon the premises referred to, and from conducting its business thereon, in such manner as to amount to a nuisance, and directing a stay of the execution of the judgment for a certain time, to enable the plaintiff herein to condemn whatever easements might be necessary to the operation of its railroad, and that the plaintiff has been unable to agree with the owner of such easements, etc. It was insisted on the part of the plaintiff that there was no support for the conclusion of the commissioners that there was any taking of property. This view of the plaintiff's counsel proceeds upon the contention that there was no property to be condemned by the proceeding.

It is difficult to see how the plaintiff can effectually take that position, since it has conducted to their conclusion proceedings to

condemn alleged easements of the defendants connected with their premises. The judgment referred to has been affirmed. Garvey v. Railroad Co., 9 App. Div. 254, 41 N. Y. Supp. 397. In view of the import and effect of that judgment, the commissioners do not seem to have proceeded upon an erroneous basis in estimating damages. nor were there any errors in their rulings to the prejudice of the plaintiff; and, in such view, the amount awarded has the support of evidence.

The order should be affirmed.